OPINION
{¶ 1} This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Prentiss A. Thomas, challenges his conviction on one count of burglary following a jury trial.
 {¶ 2} On June 8, 2001, the Lake County Grand Jury indicted appellant on three counts of burglary, all in violation of R.C.2911.12(A)(2). After appellant entered a plea of not guilty, the matter proceeded to a jury trial beginning on July 17, 2001. During the proceedings, the state called four witnesses to testify, including the two victims and the investigating police officers. At the conclusion of the state's case, the trial court granted appellant's motion for acquittal on two of the three charges. Appellant did not call any witnesses or present evidence in his behalf.
 {¶ 3} The jury considered the evidence and ultimately found appellant guilty of the remaining count of burglary. The trial court then referred appellant to the adult probation department for the preparation of a presentence investigation report and a victim impact statement. On September 17, 2001, the trial court issued a written decision ordering appellant to serve a three-year prison term. Appellant subsequently filed a pro se motion for new trial, which the trial court denied.
 {¶ 4} From this decision, appellant filed a timely notice of appeal with this court and now presents the following assignments of error for our consideration:
 {¶ 5} "[1.] The appellant-defendant, Prentiss A. Thomas, was unduly prejudiced by the ineffective assistance of counsel.
 {¶ 6} "[2.] The verdict of the jury convicting Prentiss A. Thomas of aggravated robbery [sic] is against the weight of the evidence."
 {¶ 7} Under his first assignment of error, appellant maintains that he was denied the effective assistance of counsel. Specifically, appellant argues that his attorneys failed to interview or present witnesses that could have been beneficial to his case and failed to put forth a comprehensive theory of defense.
 {¶ 8} Prior to the beginning of trial, the trial court indicated on the record that it had received a letter from appellant asking the court to appoint him a new attorney. Despite the trial court's best efforts to secure different counsel, however, the court notified the parties at that time that it had been unable to do so because appellant had refused to waive his right to a speedy trial, which would have allowed the court the opportunity to continue the trial until it found a new attorney.
 {¶ 9} Nevertheless, before calling the jury into the courtroom, the trial court gave appellant the opportunity to put his concerns on the record. In doing so, appellant told the court that his attorneys had not filed motions on his behalf, and that although he had spoken to a witness, his attorneys had not done the same. Appellant also admitted that he had refused to sign a written waiver of his right to a speedy trial and that he had refused to speak with his attorneys during the time leading up to trial.
 {¶ 10} After listening to appellant's concerns, the trial court gave appellant the choice of either retaining the two attorneys already appointed to the case, or representing himself with his current attorneys only acting in an advisory capacity. Appellant considered his options and ultimately decided that he would "rather have representation."
 {¶ 11} At this time, it is impossible for this court to determine whether or not appellant was prejudiced by his attorneys' failure to present a favorable witness as we have no way of knowing whether such a witness actually existed or what the witness's testimony would have been. This critical information is not part of the record currently before this court, and even appellant admits that he does not "know what probative value these [unknown] witnesses may have had on the case[.]"
 {¶ 12} More to the point, this court has held on numerous occasions that when a defendant makes a claim of ineffective assistance of counsel based upon facts outside the record, the appropriate remedy is a petition for postconviction relief. State v. Songer (Dec. 10, 1999), 11th Dist. No. 98-T-0100, 1999 Ohio App. LEXIS 5939, at 17. Stated differently, a postconviction relief petition is the only mechanism whereby a defendant can present evidence outside the original trial record. State v. Robinson (Aug. 4, 2000), 11th Dist. No. 98-L-164, 2000 Ohio App. LEXIS 3538, at 5.
 {¶ 13} As an aside, the record shows that appellant's attorneys were competent enough to convince the trial court to dismiss two of the three charges at the conclusion of the state's case-in-chief. Furthermore, appellant must share the blame for the alleged lack of communication between him and counsel as appellant admitted that he had refused to talk to his attorneys prior to trial. Appellant's first assignment has no merit.
 {¶ 14} In assignment of error two, appellant submits that the jury's verdict is against the manifest weight of the evidence. We disagree.
 {¶ 15} When reviewing a claim that a judgment was against themanifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. Statev. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 16} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
 {¶ 17} At trial, the state introduced evidence that when appellant was arrested in the early morning hours of April 25, 2001, he had part of a keychain connected to one of his belt loops. Cynthia Peterson, one of the victims in this case, identified this keychain as the one taken from the kitchen table inside her apartment sometime shortly before appellant's arrest. In addition, appellant was also wearing a pair of Nike athletic shoes that Cynthia's father testified had been stolen from the same apartment several days earlier.
 {¶ 18} When appellant was transported to the Eastlake Police Department, the arresting officers inventoried the contents of his wallet. While doing this, they discovered an Eastlake Public Library card with Cynthia Peterson's name on it. They also found a J.C. Penny gift card that Cynthia recognized as the one given to her by her boyfriend for Christmas.
 {¶ 19} Back at the apartment complex, in which the victims lived, the police officers found a storage locker in which the state claimed appellant had been illegally living at the time of the burglary. Inside this storage locker, the officers found Cynthia's apartment keys lying on the floor. They also noticed other items that had been taken from the Peterson's apartment, including a roll of toilet paper, a bar of Coast soap, and a Milky Way candy egg wrapper.
 {¶ 20} After reviewing the entire record and weighing the evidence presented along with all reasonable inferences, and considering the credibility of the witnesses, we conclude that the evidence introduced at trial was of adequate weight to support the jury's finding of guilt on the charge of burglary. There was a substantial amount of evidence indicating that appellant had been inside the victims' apartment and that he had taken various items. Furthermore, although appellant challenges the credibility of the state's witnesses, the credibility of each witness was a critical issue for the jury to decide, and this court will not disturb those findings on appeal. DeHass, supra. Appellant's second assignment of error is not well-taken.
 {¶ 21} Based on the foregoing analysis, appellant's two assignments of error are without merit. The judgment of the trial court, therefore, is affirmed.
DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.